### WILKSON v. BLACKWELL.

1. Bill in equity, for specific performance—states one contract, charging that the land was paid for in *money*, and again that it was paid for in *hogs*.
2. Held, to be multifarious, and therefore bad on demurrer. The complt. not having offered to amend, as he had a right to do on terms, the court should have dismissed the bill without prejudice.
3. It is not necessary to make a third person, who is not a party to the interests involved, and whom a decree would not affect, a party to the bill.

*Geyer for appellant.*

The appellant submits, 1st. That Spellman is not interested in the subject of this suit, nor could the plaintiff have any decree against him—therefore it was not necessary to make him a party.—2nd Maddox ch. 184, he is not a party to the interest involved, and therefore need not be a party to the suit.—1 John. ch. R. 349; 3 Peere Wms. 311, note J.

2. The bill repeats the contract and states the consideration and mode of payment in different ways, but does not state more than one cause of action. The bill does not blend two demands, but states a single demand and relies on several facts.

3. On the merits—the complainant is entitled to a specific execution of the contract. The consideration money paid, possession taken, valuable improvements made: the case is therefore without the statute of frauds. Welmore v. White, 2 Cain's cases, 87; 1 Mad. ch. 380, 381. Besides, the purchase was originally made from the United States, for the benefit of complainant and a trust results in his favor by operation of law.

JUNE TERM
1836.

Wilkson
v.
Blackwell.

4 Con. chy. Rep.
41

2 Madd. chy. 185.

See also, Mitford
plead. 237–8.

1 Con. chy. Rep.
34.

*P. Cole for appellee.*

As to the first point made by the demurrer. In a bill founded on contract, the general rule is, that it is only necessary to make those persons parties who are parties to the contract; and persons ought not to be made parties, against whom no relief is prayed. But there are exceptions to this rule, and one is, when deeds are fraudulently prepared and are sought to be set aside. In such case, the attorney who prepared the fraudulent deed, must be made a party to the suit. Now in the present case, although Levi Spellman is no party to the contract in the bill, yet he is charged by Wilkson to have fraudulently colluded with Blackwell in ousting Wilkson from the possession of his land, by suffering a judgment in ejectment, for the same to go against him, he being then a tenant under Wilkson. And the said complainant further asks that said fraudulent judgment be annulled and held for naught. In all this, Spellman is deeply interested, and should therefore be a party. The relief in this particular, is sought against him as well as Blackwell. Will this court convict Spellman of fraud, without giving him an opportunity of being heard?— Spellman is answerable for his acts, but he is not before the court. The case of Knye et al v. Moore, is in some degree analogous to the present enquiry. A deed containing the contract of the parties, was placed by Moore in confidence with his attorney. Moore subsequently obtained the deed from the attorney with whom he had placed it, and then refused to perform the contract of which it was the evidence. Knye et al thereupon brought suit for a specific performance against Moore, but omitted in the bill the name of the attorney who had delivered up the deed as aforementioned, he was not made a party to the suit. To the bill Moore demurred, and one ground was, because the said attorney was not made a party to the suit. The vice chancellor as to this point says, "if the trustee had delivered up the deed in breach of his trust, then he ought to have been before the court in order to be charged in respect to such breach, but not otherwise." And in like manner, it may be said here, inasmuch as Spellman is charged by the complainant with having perpetrated a fraud upon him; that Spellman ought to have been made a party in this suit, in order that he might shew his innocence; and that the judgment which is prayed to be annulled, on account of its having been fraudulently procured by and between Spellman and Blackwell, was an honest and just judgment,

without guile or collusion in the matter, or (in the words of the chancellor) in order to be charged in respect to such fraud.

As to the second point, this bill is certainly multifarious. Two distinct matters cannot be joined in the same suit.— In the case of Lynch v. Johnson, the court say "it is admitted as a general rule, governing courts of chancery, that separate contracts cannot be combined in one bill." If a bill be brought concerning things of distinct natures against several persons, or against one, it is demurrable. This point may be further illustrated by reference to the nature of a plea. If one part of a plea be inconsistent with the other, it will be overruled. How can a court decree a specific execution of the contract, according to the prayer of the bill in the above suit, when the bill sets forth two distinct and inconsistent contracts in reference to the same thing? But the subject matter of relief in the bill is distinct, one is to set aside and annul a fraudulent judgment at law, the other is a request for the specific execution of an agreement. Surely these are very dissimilar objects; the two contracts as before stated are also as distinct as it is possible for them to be, yet the court is asked to decree that Blackwell specifically perform &c. This is requiring a court to do as a preliminary to a decree, that which the complainant should have done himself, and which he has not done, to wit: to have stated with clearness and precision, what the contract was between him and Blackwell, if any such there be; for it is hardly to be presumed that he paid Blackwell twice for the land, once in cash and again in hogs. Now according to the bill, these contracts are subsisting ones, they are severally entitled to the same consideration, there can be no preference given. Then I would ask which of them shall be specifically executed by Blackwell? Which is the true one, for they cannot both be true? In conclusion, if these views in reference to the points made by the demurrer be correct, then the decision of the court below should be affirmed.

Opinion of the court delivered by McGirk Judge.

Wilkson brought a bill in chancery against Blackwell, for a specific performance of an agreement, in regard to a piece of land. The bill states first, one contract in a particular manner, wherein it charges that the land was paid for in money, then it charges the land was paid for in hogs. The bill charges that Blackwell by collusion with a third person, by a fraudulent judgment got posses-

JUNE TERM 1836.

Wilkson v. Blackwell.

Mitford plead'g. 239, Dew. v. Clark 1 Con. chy. Rep. 54.

2 Little Rep. 104.

2 Madd. chy. 293.

2 Madd. chy. 296.

Statement of the case.

JUNE TERM
1836.

Opinion of the
the court.

sion of the land, and does not make the third person a party. The defendant Blackwell, demurred to the bill, because the same is multifarious, and because the third person was not made a party. The circuit court of Washington county sustained the demurrer and dismissed the bill generally.

There can be no doubt that the bill is multifarious and bad on that account. But as to failing to make the third person a party to the bill, that is out of the question.— The rule is, that all parties against whom, or for whom a decree can be made, may be and generally ought to be parties, but as to all others, they ought not to be parties. Now as to this man, who is said to have fraudulently let the defendant recover judgment against him for the land, he has nothing to do with the matter. The possession and the supposed legal right as the bill shews, are both in Blackwell. No decree for any thing could be made against Spellman the third party, he has as the bill shews, no interest in nor possession of the land. But because the bill is double, the demurrer was rightly sustained, but the plaintiff might have amended if he chose on terms, as he did not do that, the bill should have been dismissed, though not generally, but without prejudice, because the decree dismissed the bill generally, it is reversed with costs, and this court order that the bill be dismissed without prejudice; the costs of the circuit court to be paid by complainant.

